IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DENNIS M. GALLIPEAU,**
**NO. 14672-171**                                                                            **PLAINTIFF**

**V.**                                   **CIVIL ACTION NO. 3:13-CV-843-KS-MTP**

**LUISA MARTINEZ, M.D.**                                                **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** Defendant's Motion for Summary Judgment [28]. The Court will enter a separate judgment in accordance with Rule 58.

Defendant's Amended Motion to Dismiss or for Summary Judgment [57], Plaintiff's Motion for an Extension of Time [58], and Plaintiff's Motion to Compel [59] are **denied as moot.**

### A. Background

This is a *Bivens* action for the alleged violation of a prisoner's Eighth Amendment right to adequate medical care. Plaintiff claims that he has a torn rotator cuff, and he believes that he should have been provided a referral to an orthopedic specialist, an MRI, and neurological testing. He claims that Defendant refused to provide these treatments and/or delayed treatment in deliberate indifference to his serious medical needs.

Defendant filed a Motion for Summary Judgment [28]. Plaintiff responded to it with briefing and evidence [41, 42, 43, 55, 61]. Therefore, Defendant's Motion for Summary Judgment [28] is ripe for review.

B.  *Standard of Review*

Defendant's motion concerns Plaintiff's exhaustion of administrative remedies. "Exhaustion resembles personal jurisdiction and venue in that it is an affirmative defense that allows defendants to assert that plaintiffs have not invoked the proper forum for resolving a dispute." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). Therefore, "judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*.

C.  *Failure to Exhaust Administrative Remedies*

"The Eighth Amendment requires that inmates receive adequate medical care. Prison officials may violate this mandate when they exhibit deliberate indifference to a prisoner's serious medical needs." *Coleman v. Sweetin*, 745 F.3d 756, 765 (5th Cir. 2014) (punctuation and citation omitted). *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 29 L. Ed. 2d 619, 91 S. Ct. 1999 (1971), created a cause of action for the violation of constitutional rights by federal officials in their individual capacity. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *Garcia v. United States*, 666 F.2d 960, 961 (5th Cir. 1982).

Defendant argues that Plaintiff's claims must be dismissed for failure to exhaust administrative remedies. The Prison Litigation Reform Act ("PLRA") requires that prisoners exhaust all available administrative remedies before filing a civil action challenging the conditions of their confinement, 42 U.S.C. § 1997e(a), and the requirement applies to *Bivens* suits. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002).

The Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement. *Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008). "Proper exhaustion is required, meaning that the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules." *Lane v. Harris County Med. Dep't*, 266 F. App'x 315, 315 (5th Cir. 2008). "[M]ere substantial compliance with administrative remedy procedures" is insufficient. *Flores v. Lappin*, No. 13-41058, 2014 U.S. App. LEXIS 16635, at *2 (5th Cir. Aug. 28, 2014). The prisoner must complete the available administrative review process. *Lane*, 266 F. App'x at 315. The Fifth Circuit described the process:

> The BOP has a four-step process for resolving grievances by inmates. First, an inmate must attempt to informally resolve the issue with the staff. 28 C.F.R. § 542.13(a). . . . [A]n inmate must attempt informal resolution by filing a form BP-8. Second, if informal resolution is unsuccessful, the inmate must submit a formal written Administrative Remedy Request (form BP-9) to the warden within twenty days after the date on which the basis for the request occurred. 28 C.F.R. § 542.14. Third, if the inmate is not satisfied with the warden's response, he may submit an appeal (form BP-10) to the Regional Director within twenty days of the date of the warden's response. 28 C.F.R. § 542.15. Fourth, if the inmate is not satisfied with the Regional Director's response, the inmate may submit an appeal (form BP-11) to the General Counsel within thirty days of the Regional Director's response. 28 C.F.R. § 542.15. An inmate has not exhausted his administrative remedies until his claim has been denied at all levels.

*Huff v. Neal*, 555 F. App'x 289, 293 (5th Cir. 2014).

On February 18, 2012, Plaintiff submitted the informal resolution form BP-8.[1] Therein, he complained that Defendant had refused to treat his torn rotator cuff, and

---

[1] Plaintiff's Exhibits [43], at p. 3.

3

he demanded "an MRI, . . . proper treatment," and "to be compensated for . . . pain and suffering." On February 23, 2012, Plaintiff's Unit Manager responded to the request, stating: "You were seen in August of 2011 and was [sic] prescribed medication for the pain in your joint. You will be put on the call out for a follow up with Dr. Martinez."[2] Therefore, Plaintiff submitted the initial form BP-8, but he did not receive the remedies he requested. Rather than an MRI and what he deemed to be "proper treatment," he was granted a follow-up appointment with Defendant.

Later, at the follow-up appointment, Plaintiff demanded a referral to an orthopedist and an MRI. Defendant obtained x-rays of Plaintiff's shoulder and prescribed painkillers, with the intention of further evaluation.[3] Plaintiff "was not pleased and reported he will pursue a BP-8 and a BP-9."[4] Plaintiff never submitted a BP-9 to follow-up on his previous BP-8, and he never submitted a new BP-8 arising from the unsatisfactory treatment plan prescribed by Defendant at the follow-up appointment.[5]

Defendant contends, therefore, that Plaintiff failed to exhaust his administrative remedies. The Court agrees. Plaintiff did not file a formal Administrative Remedy Request (BP-9) after his informal request (BP-8) was rejected. Plaintiff contends that

---

[2] *Id.* at p. 4.

[3] *Id.* at p. 35.

[4] *Id.*

[5] *See* Declaration of Jessica Coleman [28-15].

4

he received a "favorable response" to his BP-8. The record demonstrates otherwise. In the BP-8, Plaintiff demanded, among other things, an MRI and what he deemed "proper treatment" for a torn rotator cuff, but he only received a follow-up appointment with Defendant. Indeed, Plaintiff's later demands for referral to an orthopedist, an MRI, and neurological testing – not to mention his filing this lawsuit – belie his claim that he received a favorable response to the BP-8. As he did not complete the administrative remedy process after receiving an unfavorable response to the BP-8, he failed to exhaust his administrative remedies. *Huff*, 555 F. App'x at 293 (prisoner has not exhausted administrative remedies until his request is denied at all levels); *Lane*, 266 F. App'x at 315 (prisoner must complete the administrative review process).

Even if the response to Plaintiff's BP-8 were favorable, Plaintiff was plainly aggrieved by the treatment plan prescribed by Defendant. According to Plaintiff's own exhibit,[6] he was "not pleased" with Defendant's treatment plan and intended to "pursue a BP-8 and a BP-9." But he never did. Therefore, even if Plaintiff had received a favorable response to the initial BP-8, he never started a new administrative remedy process once Defendant prescribed the offending treatment plan.

### D. Conclusion

For these reasons, the Court finds that Plaintiff failed to exhaust his administrative remedies. Therefore, the Court **grants** Defendant's Motion for Summary Judgment [28]. The Court will enter a separate judgment in accordance with

---

[6]Plaintiff's Exhibits [43], at p. 35.

Rule 58.

Defendant's Amended Motion to Dismiss or for Summary Judgment [57], Plaintiff's Motion for an Extension of Time [58], and Plaintiff's Motion to Compel [59] are **denied as moot.**

This dismissal shall count as a "strike" under 28 U.S.C. § 1915(g). If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status in future proceedings and required to pay the full filing fee up front.

SO ORDERED AND ADJUDGED this 4th day of September, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE